# UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:  
JAMES ALLEN SHERROD,  
Debtor.  
_____/

Bankruptcy Case No. 6:09-bk-14285-ABB

ADV PROC NO. _____

ROBERT SIEMER and  
LINDA SIEMER,  
Plaintiffs,

vs.

JAMES ALLEN SHERROD,  
Defendant.

_____/

## COMPLAINT

Plaintiffs ROBERT SEIMER and LINDA SEIMER, by and through their undersigned counsel, file suit against Defendant JAMES ALLEN SHERROD, alleging as follows:

### PRELIMINARY ALLEGATIONS
**(Jurisdiction and Parties)**

1. This is a complaint opposing the discharge of certain debts in Bankruptcy Case No. 6:09-bk-16629, and is brought pursuant to 11 U.S.C. §523(a)(2) (exception to discharge on the basis of money obtained through fraud, false pretenses, and false representation); 11 U.S.C. §523(a)(4) (for fraud or defalcation while acting in a fiduciary capacity); and 11 U.S.C. §523(a)(6) (exception to discharge for willful and malicious injury to property). This Honorable Court possesses authority and subject matter jurisdiction to hear this action pursuant to 11 U.S.C. §523(c)(1), Fed.R.Bank.Pr. 7001(6), and 28 U.S.C. §1334.

1

2. Plaintiffs Robert Seimer and Linda Seimer are natural married persons who reside at 7600 Arrow Lane, Yalaha, FL 34797.

3. Defendant James Allen Sherrod is a natural person who has filed bankruptcy and resides at 558 Waldo Street, Groveland, FL 34736.

## FACTS

4. Defendant James Allen Sherrod installed a ridge vent on Plaintiff's home in Yalaha, Florida.

5. Defendant's work did not comply with the applicable Florida Building Code. Roof shingles were not installed straight, nails were loose, and the work did not meet required statutory standards. Eventually the roof completely failed and water flooded into the home.

6. Before the project was completed, when Defendant was discussing the roofing work required on Plaintiff's home and offering his services, he represented himself as a Florida State Licensed roofing Contractor for the entire State of Florida, and also represented that he had over twenty years of licensed experience in roof repair work.

7. Both of these representations were false. Defendant was only licensed as a roofer in Lake County, and only since 2005, a mere two years prior to the job at issue (see Exhibit "A", online records from the State of Florida reporting the extent of Defendant's licensure and qualification).

8. Defendant repeated these misrepresentations even after Plaintiffs sued him and reported Defendant to the Better Business Bureau. In letters to Judge Terry Neal and the Better Business Bureau, Defendant again represented himself as a Florida State Licensed Roofing Contractor since 1992 (see Exhibit "B", Letter to Judge Terry Neal, and Exhibit "C", Letter to the Better Business Bureau which are attached and incorporated by reference).

9. Prior to beginning work on the roof, Defendant also represented to Plaintiffs that he was qualified to perform the work, and knew what he was doing.

10. This representation was also false, Defendant had little or no idea what he was doing and had not performed this kind of roof repair to satisfactory completion prior to being hired by Plaintiffs. Defendant failed to represent to Plaintiffs the material fact that he had little experience with this kind of particular repair before beginning work on the roof, or that he would require additional time to learn about the repair. Rather, Plaintiff represented himself as someone with years of experience in precisely the kind of repairs required.

11. Defendant intended for these material representations to be made, in order to induce Plaintiffs to hire him to perform the roof repair services.

12. Plaintiffs did rely upon these material representations, and as a result of this reliance were damaged.

13. Damages suffered by Plaintiffs included money paid to the Defendant for the shoddy repair work which had to be completely redone, to the amount of two thousand two hundred and eighty four dollars ($2,459) as determined by the County Court of Lake County, Florida. (See Exhibit "D", the Judgment of the Court of Lake County, Florida attached and incorporated by reference).

14. Plaintiffs also received a further judgment of additional damages of having to replace the front and rear part of the roof, requiring a total repair of eleven thousand there hundred twenty five dollars ($11,325) as determined by the Board of Building Examiners of Lake County, FL. (See Exhibit "E", the Order of Board of Building Examiners of Lake County, FL, attached and incorporated by reference). The Board determined that Defendant's repairs were unsatisfactory and below standards.

15. Plaintiffs obtained an additional final judgment against the Defendant in the Circuit Court of the Fifth Judicial Circuit in Lake County, Florida on allegations of misrepresentation, breach of contract, breach of implied warranty, breach of the Florida Building Code, and violations of the Florida Deceptive and Unfair Trade practices act in the amount of twenty three thousand three hundred sixty nine dollars and sixty one cents ($23,369.61). (See Exhibit "F", the Final Summary Judgment of the Circuit Court of the Fifth Judicial Circuit in Lake County, Florida, attached and incorporated by reference).

16. After obtaining the judgment in the Circuit Court, Plaintiffs subpoenaed Defendant in aid of execution to determine the extent of Defendant's assets. Defendant failed to cooperate, and Plaintiffs obtained a contempt order against Defendant in the amount of $1,881.20 in attorney's fees on July 23, 2009. (See Exhibit "G", Order of Contempt, attached and incorporated by reference).

17. Soon after the order of contempt was filed in the Circuit Court case, Defendant filed bankruptcy proceedings in an attempt to evade his obligations to Plaintiffs.

18. Plaintiffs' total claims against Defendant, as a result of all of the judgments described above and obtained, are thirty-nine thousand thirty-four dollars and eighty-one cents ($39,034.81) excluding interest.

**COUNT I**

18. This is an action seeking a determination that Defendant's debts to Plaintiffs are not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

19. Plaintiffs reallege the allegations in paragraphs 1 through 17 above.

20. Defendant Sherrod entered into a roofing repair agreement with Plaintiffs that provided that the roof would be repaired to satisfactory condition, that Defendant was properly

licensed throughout the state of Florida, and that Defendant knew how to perform the job to satisfactory completion, including compliance with all ordinances.

21. Such representations by Defendant were false representations, were intended by Defendant to be false in order to cause reliance by the Plaintiffs to enter into the agreement, and were relied upon by Plaintiffs to their detriment.

22. Alternatively, such representations by Defendant were false representations, and while not actual fraud, were still false pretenses and representations, and Defendant should have known that such representations were false, or been responsible enough to determine whether they were false. Plaintiffs relied to their detriment upon these representations and were thereby damaged.

WHEREFORE, Plaintiffs Robert Siemer and Linda Siemer request entry of a Final Judgment by this Honorable Court determining all of Plaintiffs claims against Defendant listed in this complaint to be non-dischargeable and for such other and further relief as this Honorable Court deems just and proper.

## COUNT II

23. This is an action seeking a determination that Defendant's debts to Plaintiffs are not dischargeable pursuant to 11 U.S.C. §523(a)(4).

24. Plaintiffs reallege the allegations in paragraphs 1 through 17 above.

25. Defendant Sherrod entered into a roofing repair agreement with Plaintiffs that provided that the roof would be repaired to satisfactory condition, that Defendant was properly licensed throughout the state of Florida, and that Defendant knew how to perform the job to satisfactory completion, including compliance with all ordinances.

26.     Such representations by Defendant were false representations, were intended by Defendant to be false in order to cause reliance by the Plaintiffs to enter into the agreement, and were relied upon by Plaintiffs to their detriment.

WHEREFORE, Plaintiffs Robert Siemer and Linda Siemer request entry of a Final Judgment by this Honorable Court determining Plaintiffs claims against Defendant listed in this complaint to be non-dischargeable and for such other and further relief as this Honorable Court deems just and proper.

## COUNT III

23.     This is an action seeking a determination that Defendant's debts to Plaintiffs are not dischargeable pursuant to 11 U.S.C. §523(a)(6).

24.     Plaintiffs reallege the allegations in paragraphs 1 through 17 above.

25.     Defendant Sherrod entered into a roofing repair agreement with Plaintiffs that provided that the roof would be repaired to satisfactory condition, that Defendant was properly licensed throughout the state of Florida, and that Defendant knew how to perform the job to satisfactory completion, including compliance with all ordinances.

26.     Such representations by Defendant were false representations, and Defendant knew he could not repair the roof to satisfactory condition.

27.     While Defendant was attempting to repair the roof, he knew he could not repair the roof to satisfactory condition and therefore intended willfully and maliciously to effect poor repairs that would inflict damage on Plaintiffs' home, thereby damaging Plaintiffs' roof and property.

WHEREFORE, Plaintiffs Robert Siemer and Linda Siemer request entry of a Final Judgment by this Honorable Court determining Plaintiffs claims against Defendant listed in this

complaint to be non-dischargeable and for such other and further relief as this Honorable Court deems just and proper.

DATED this 4th day of January, 2009.

                                            Respectfully submitted,

                                            <u>Philip Bartlett</u>
                                            Philip Bartlett, Esq.
                                            Florida Bar No. 0045318
                                            The Bartlett Law Firm, P.A.
                                            625 East Colonial Drive
                                            Orlando, FL 32803
                                            (321) 319-0587 (telephone)
                                            (866) 596-9215 (facsimile)
                                            phil@pdbartlettlaw.com (e-mail)
                                            Attorney for Plaintiffs,
                                            Robert Siemer and Linda Siemer.