UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JAMES ALLEN SHERROD,

     Debtor.
_____/

ROBERT SIEMER and
LINDA SIEMER,

     Plaintiffs,

vs.

JAMES ALLEN SHERROD,

     Defendant.
_____/

Case No. 6:09-bk-014285-ABB
Chapter 7    **FILED**

**SEP 2 0 2010**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Adv. Pro. No. 6:10-ap-00002-ABB

## MEMORANDUM OPINION AND ORDER

     This matter came before the Court on the: (i) Complaint (Doc. No. 1) filed by the Plaintiffs Robert Siemer and Linda Siemer pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6); (ii) the Motion to Dismiss and Motion to Set Aside (Doc. Nos. 19, 24) filed by the *pro se* Defendant/Debtor James Allen Sherrod ("Debtor"); and (iii) the Plaintiffs' Motion to Strike (Doc. No. 21). The re-set final evidentiary hearing was held on September 2, 2010 at which the Plaintiffs, their counsel, and the Debtor appeared.

     The judgment debts at issue are dischargeable and judgment is due to be entered in favor of the Debtor. The Court makes the following findings and conclusions after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

*Motion to Dismiss, Motion to Strike, and Motion to Set Aside*

The Debtor filed: (i) a Motion to Dismiss seeking dismissal of this adversary proceeding on the basis "there is no genuine fraud" and he is entitled to dismissal "as a matter of law"; and (ii) a Motion to Set Aside requesting this proceeding "be set aside" on the basis he did not timely receive notice of the May 4, 2010 hearing. Plaintiffs filed a Motion seeking to strike the Motion to Dismiss.

The Debtor's Motion to Dismiss constitutes a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and is due to be denied. The Debtor has not established a basis for dismissal of the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8(a). Brandt v. Bassett (In re Southeast Banking Corp.), 69 F.3d 1539, 1551 (11th Cir. 1995). Plaintiffs' Motion to Strike is due to be denied as moot.

The Court held a status conference and a hearing on Plaintiffs' discovery motion on May 4, 2010 at which counsel for the Plaintiff appeared; Debtor did not appear. The Court, in open Court, set the final evidentiary hearing on Plaintiff's Complaint for May 27, 2010. The Court did not issue a notice of hearing for the May 27, 2010 hearing. The Court conducted the final evidentiary hearing on May 27, 2010. Plaintiffs and their counsel appeared; Debtor did not appear.

The Debtor filed the Motion to Set Aside pursuant to Federal Rule of Civil Procedure 60(b). No judgment was issued pursuant to the May 27, 2010 hearing and the Debtor's Motion to Set Aside constitutes a motion re-set the final evidentiary based upon his lack of notice of the May 27, 2010 hearing.

2

The Debtor did not have notice of the May 27, 2010 hearing. The Court re-set the final evidentiary hearing for September 2, 2010 and issued notice of the hearing to the Debtor at his address of record and at his Groveland, Florida address listed in his pleadings. He received the hearing notice and appeared at the September 2, 2010 hearing. He has been afforded due process.

### *Plaintiffs' Nondischargeability Complaint*

Debtor installed a roof on Plaintiffs' home located at 7600 Arrow Lane, Yalaha, Florida 34797 ("Property") in the summer of 2005. The Property was new construction and Robert Siemer was the general contractor. Mr. Siemer was listed as the "owner/builder" on the building permit and had supervisory obligations for the contractors engaged to work on the Property. He has a residential property inspector's license and was employed by Lake County, Florida as a residential property inspector. He has twenty years of building inspection experience.

The roof developed a leak approximately seven months after its installation and the Debtor returned to the Property to perform repairs in February 2006. The roof continued to leak causing extensive damage to the exterior and interior of the Property. Plaintiffs engaged another contractor who replaced the roof. Plaintiffs assert, based upon Mr. Siemer's experience as a building inspector, the Debtor's work was substandard and failed to meet the Florida statutory building requirements for roof installation.

Plaintiffs instituted civil actions against the Debtor in the Florida State Courts and through the Lake County Board of Building Examiners seeking recovery of the roof replacement and exterior and interior damages. Judgments were issued in favor of Plaintiffs and against the Debtor in 2007 and 2008.

3

The Debtor filed a Chapter 7 bankruptcy case on September 24, 2009 thereby staying Plaintiffs' collection actions.    Plaintiffs assert the judgment debts are nondischargeable pursuant to Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code.

### Count I: Section 523(a)(2)(A)

Plaintiffs contend they hired the Debtor based upon his representations to them he had more than twenty-five years of roofing experience and was licensed by the State of Florida.  They contend such representations were false and were made with the intent to defraud them.

Section 523(a)(2)(A) provides a discharge does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).  Plaintiffs must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action:    (1) Debtor made a false representation with the purpose and intent to deceive Plaintiffs; (2) Plaintiffs relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiffs sustained a loss as a result of the misrepresentation.  SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).  Plaintiffs must establish each of the four common law fraud elements by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

4

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A creditor cannot establish non-dischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on intentional misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995).

Plaintiffs had engaged an individual named Paul Merbach as a consultant for the Property's construction and he had recommended the Debtor to them for the roof installation. Plaintiffs authorized the Debtor's employment as a subcontractor to install the roof. They had no contact or communication with the Debtor prior to or during his installation of the roof. They conducted no due diligence regarding his qualifications. They did not supervise or inspect his work during the installation.

Plaintiffs' first contact with the Debtor was in February 2006 when he returned to the Property to address the leak. The Debtor made no representations to Plaintiffs upon which they relied in hiring him to install the roof or conduct repairs. He made no misrepresentations to them, or any representations whatsoever.

Plaintiffs have failed to establish the first element of Section 523(a)(2)(A). Plaintiffs, by failing to establish the first nondischargeability element, have failed to establish the second, third, and fourth elements. Plaintiffs have not established any of the judgment debts are nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

### Counts II and III

Plaintiffs assert the judgment debts are nondischargeable pursuant to 11 U.S.C. Sections 523(a)(4) and 523(a)(6). Section 524(a)(4) provides a discharge does not discharge an individual from any debt resulting from "fraud or defalcation while acting in

5

a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).  Section
523(a)(6) provides any debt "for willful and malicious injury by the debtor to another
entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6).
The United States Supreme Court held that to establish the requisite willful and malicious
intent of Section 523(a)(6) a plaintiff must establish the injury was intentional—that the
debtor intended the consequences of his or her act.  Kawaauhau v. Geiger, 523 U.S. 57,
61-2 (1998).  Plaintiffs, to prevail, must establish each of the elements of Sections
523(a)(4) or 523(a)(6) by a preponderance of the evidence.  Grogan v. Garner, 498 U.S.
at 291.

Plaintiffs did not establish the Debtor committed any fraud.  They did not
establish the Debtor acted with willful and malicious intent.  They did not present any
evidence relating to fiduciary capacity, embezzlement, or larceny.

Plaintiffs have not established any of the judgment debts are nondischargeable
pursuant to 11 U.S.C. Section 523(a)(4) or 523(a)(6).  Any and all debts owed by the
Debtor to Plaintiffs are dischargeable and are due to be discharged.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Debtor's Motion to Dismiss
(Doc. No. 19) is hereby **DENIED** and the Plaintiff's Motion to Strike (Doc. No. 21) is
hereby denied as **MOOT;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor's Motion to Set
Aside (Doc. No. 24) is hereby **MOOT** in that no judgment issued from the May 27, 2010
evidentiary hearing and a rescheduled evidentiary hearing was noticed and conducted on
September 2, 2010; and it is further

6

**ORDERED, ADJUDGED and DECREED** that the debts owed by the Debtor to Plaintiffs are **DISCHARGEABLE** pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6).

A separate Judgment consistent with these findings and conclusions shall be entered contemporaneously.

Dated this 20th day of September, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

7